IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 13 2008

DAVID J. MALAND, CLERK
BY
DEPUTY _____

| | |
|---|---|
| LESLIE GREER § | |
|     Plaintiff § | |
| § | Civil Action No: 4:08cv211 |
| v. § | |
| § | Complaint for Accommodation |
| BRINKER RESTAURANT § | Discrimination Under the A.D.A. and |
| CORPORATION d/b/a Romano's § | the Texas Human Resources Code |
| Macaroni Grill and BRINKER § | |
| TEXAS, INC., § | |
|     Defendants | |

## *ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL*

1. Plaintiff Leslie Greer is an individual with a disability. Plaintiff bring this action pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq* and the Tex. Hum. Res. Code § 121.001 *et seq*. This Complaint seeks redress for past and continuing discrimination against persons with disabilities. This discrimination is occurring at the Romano's Macaroni Grill restaurant located on Central Expressway in Plano, Texas. The restaurant is owned and operated by Brinker Restaurant Corporation d/b/a Romano's Macaroni Grill (hereinafter "BRC" or "Tenant"). The real property upon which the restaurant is located is owned by Brinker Texas, Inc. (hereinafter "Brinker" or "Landlord").

2. Plaintiff seeks to enjoin the Defendants from maintaining and to require that the Defendants remove the architectural barriers that interfere with Plaintiff's right to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Defendants at this Restaurant.

3. Plaintiff also seeks a permanent injunction to prevent the Defendants from engaging in these unlawful practices, as well as declaratory relief and attorney's fees and costs of litigation.

## JURISDICTION

4. This Court has jurisdiction over the federal claims brought in this action under 28 U.S.C. §1331 and 42 U.S.C. §12188 and supplemental jurisdiction over the state claims. under 28 U.S.C. §1367.

## PARTIES

5. Plaintiff Leslie Greer is an individual with a disability within the meaning of the ADA Sec. 3(2)(A), 42 U.S.C. 12102(2)(A) ), and a "Person with a disability" as defined by Tex. Hum. Res. Code § 121.002(4). She is unable to walk as the result of a spinal cord injury and must use a wheelchair for mobility.

6. Defendant, Brinker Restaurant Corporation d/b/a Romano's Macaroni Grill ("BRC" or "Tenant") is a Texas for profit corporation. BRC owns and operates the Romano's Macaroni Grill restaurant located on Central Expressway in Plano, Texas, made the basis of this claim (hereinafter the "Restaurant"). BRC's registered agent for service of process listed with the Secretary of State is, Prentice Hall Corporation, 701 Brazos Street, Ste., 1050, Austin, TX 78701.

7. Defendant, Brinker Texas, Inc. ("Brinker" or "Landlord") is a Texas for profit corporation. Brinker owns the real property where the Restaurant is located. Its registered agent for service of process listed with the Secretary of State is Corporation Service Company 701 Brazos Street, Ste., 1050, Austin, TX 78701.

8. Romano's Macaroni Grill restaurant (the "Restaurant") is located as a stand alone business. It is located generally at 7205 Central Expressway, Plano, Texas, 75025 and more particularly described in Collin County records as Legacy Central Theater, Block A, Lot 4, Acres 1.8264, (the "Property"). The Property has a total value listed in the Collin County Appraisal District of no less than $1,800,000.00.

9. Brinker owns and/or operates the Property where the Restaurant is located and presumably either owns and/or operates the Restaurant or "leases to" BRC, the Tenant. Under the law, both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations are liable for the violations of the ADA alleged herein. As between those parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract. 36 C.F.R. 201 (b).

## BACKGROUND

10. More than 10 years ago Congress determined that disabled people, such as Plaintiffs, were being discriminated against by businesses, such as Defendants. Specifically Congress found *inter alia* the following :

(a) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(b) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(c) discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation,

communication, recreation, institutionalization, health services, voting, and access to public services;

(d) unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination;

(e) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; 42 U.S.C. 12101(a).

11.     As a result of these findings the Congress passed the Americans with Disabilities Act (the "ADA"), 42 U.S.C. Sec. 12101 *et seq*. That act forms a basis for this action. The ADA was designed to do several things, specifically among other things:

(a) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(b) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; 42 U.S.C. 12101(b).

**FACTS**

12.     Ms. Greer uses a wheelchair to get around. Ms. Greer lives in Allen, Texas and has visited the Restaurant on several occasions, most recently just a few months ago. The Restaurant was designed and constructed brand new from the ground up less than 10

years ago. The Restaurant is new construction under the ADA, Title III. The Restaurant must comply with the new construction standards set out in the the Federal ADA Guidelines for Buildings and Facilities, 28 CFR Part 36, Appendix A (the "ADAAG ") for new construction. The Restaurant could have been designed and constructed in full compliance with the new construction standards of the ADAAG.

13.   Ms. Greer faces numerous architectural barriers when she visits the Restaurant. The following conditions exist at the Restaurant.

   a. The accessible parking is not located on the shortest accessible route of travel to the accessible entrance. See ADAAG 4.6.2.

   b. Some of the accessible parking spaces contain slopes exceeding 2%. See ADAAG 4.6.3.

   c. Booth seating is provided in the bar area of the Restaurant. There is no accessible booth seating provided in the Bar area of the Restaurant. See ADAAG 5.1.

   d. Booth seating is provided in the main dining areas of the Restaurant. There is no accessible booth seating provided in the main dining areas of the Restaurant. See ADAAG 5.1 and 5.3.

   e. The bar area is designed so that the restroom is very close to the bar area. There are two steps on the route the general public takes from the bar area to the restrooms. The route that the general public takes from the bar area to the restrooms is no more than 10 or 15 feet. The route the general public takes from the bar area to the restrooms is not an accessible route. The only accessible route from the bar area to the restrooms requires that a person go down the entrance ramp past the hostess stand, and through the main dining area. No person would take the "accessible route" from the bar

area to the restroom if that person could walk down the two stairs because the "accessible route" is long, circuitous and takes the person through the crowded dining area during peak times, compared to the shortest route available between the bar and the restrooms, but that route contains two steps.

    g. The Restaurant was not designed and constructed to allow disabled patrons to take the same route the general public takes from the bar area to the restrooms. See ADAAG 4.3.1 and 4.3.2 ("The accessible route shall, to the maximum extent feasible, coincide with the route for the general public.").

14.    More than one report was prepared by Robert Buck regarding compliance with TAS. Each report found several violations at the Restaurant. Specifically a plan review by Ms. Buck dated July 24, 2000 found, among other things that;

    a. The accessible parking was located too far from the main entrance.

    b. That some of the surface slopes of the accessible parking and access aisles "to be steeper than 2%".

15.    Numerous other conditions in this plan review are identified as being in violation. Construction drawings filed with TDLR show the location of the accessible parking as originally planned. The planned location was cited by Mr. Buck as being in violation because it was not on the shortest accessible route. The accessible parking at the Restaurant, as of the filing of this Complaint, is located in the same place as that shown on the plans filed with TDLR. The accessible parking at the location is not on the shortest accessible route to the front entrance.

16.    In an inspection dated May 1, 2001 the same Ms. Buck finds that, among other things, there is insufficient accessible seating at the Restaurant. Many of the same

violations cited by Ms. Buck in his reports still exist at the Property even to this day. One or more of the Defendants was made aware of the conditions at the Property cited in these reports that were violations of the law but that Defendant or Defendants did correct the conditions. A complete evaluation of the Restaurant has not been done, but will be requested and completed once discovery has begun.

17. Upon each visit Ms. Greer will encounter some of the above listed architectural barriers at the Restaurant. Despite those barriers she will continue to try to use the Restaurant.

18. The barriers located on the Restaurant discriminate against her with regards to using the goods, services, facilities, privileges, advantages, and accommodations located on the Restaurant.

19. As a result of the Defendants' conduct and in order to pursue this matter Plaintiff has retained counsel with extensive experience, including having been appointed class counsel on several occasions to represent mobility impaired individuals of Texas. The Plaintiff has agreed to pay these attorneys, whose names appear on this Compliant, a reasonable fee. Pursuant to her statutory rights, Ms. Greer will seek to recover her fees and any costs in this litigation from the Defendants if she is the prevailing party in this case.

## CAUSES OF ACTION
### Count 1
### ADA - Failure to Accommodate, New Construction

20. The law requires that "[n]o individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of any place of public accommodation *by any person who owns, leases (or leases to), or operates a place of public accommodation*". 42 U.S.C. §12182(a) (italics added).

21. A facility means all *or any portion of buildings*, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 CFR part 36.104 Definitions (italics added).

22. The Restaurant is a public accommodation under the law.

23. Discrimination includes "a failure to design and construct facilities for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities". 28 CFR part 36.401.

24. The guidelines for new construction are clearly set out in the Federal ADA Guidelines for Buildings and Facilities, 28 CFR Part 36, Appendix A, (the "ADAAG").

25. Defendants fail to comply with the ADAAG requirements for new construction at the Restaurant. Many of the violations are previously set out in the "Facts" section of this Complaint.

26. The Defendants discriminate against Ms. Greer because they own or operate a public accommodation that was designed and constructed for first occupancy later than 30 months after the date of enactment of the ADA that is not readily accessible to and usable by individuals with disabilities. 42 USC 12183(a)(1).

27. As a direct and proximate result of the Defendants' denial of appropriate and dignified access into and use of the Restaurant, the Defendants deprive Plaintiff of her

civil liberties and thereby discriminate against her.

## Count 2
## Tex. Hum. Res. Code – Discrimination

28. Tex. Hum. Res. Code § 121.003(a) provides that persons who are physically disabled have the same right as the able-bodied to the full use and enjoyment of any public facility in the state.

29. TEX GOV CODE §469.003 (Vernon 2003) defines one set of public facilities covered by the law, specifically, "a privately funded building or facility defined as a "public accommodation" by Section 301(7) of the Americans with Disabilities Act of 1990 (42 U.S.C. Section 12181), and its subsequent amendments, that is constructed or <u>renovated, modified, or altered</u> on or after January 1, 1992" (emphasis added). The Site is covered under this definition as previously set out in this Complaint.

30. The State of Texas, Texas Accessibility Standards (the "TAS") of the Architectural Barriers Act, Article 9102, Texas Civil Statutes, are similar to and closely track the ADAAG. The TAS clearly sets out certain requirements for public accommodations such as the Site with regards to design requirements.

31. Complying with the TAS is a requirement of Chapter 469 of the Government Code. Violation of TAS is therefore a violation of Chapter 469. A violation of Chapter 469 is a violation of §121.003(d)(1) of the Tex. Hum. Res. Code. because §121.003 (d)(1) specifically states that a failure to comply with Article 9102, Texas Civil Statutes is a form of discrimination in Texas. Therefore violation of the TAS requirements is a violation of §121.003 of the Tex. Hum. Res. Code. Article 9102 was simply codified into

Chapter 469 of the Government Code in 2003.

32. The architectural barriers previously set out in the "Facts" portion of this Complaint, regarding the parking and path of travel are violations of the TAS requirements as well as the ADAAG.

33. Any public facility that violates the provisions of Section 121.003 is deemed to have deprived a person with a disability of his or her civil liberties. The person with a disability deprived of his or her civil liberties may maintain a cause of action for damages in a court of competent jurisdiction, and *there is a conclusive presumption of damages in the amount of no less than $100.* Tex. Hum. Res. Code § 121.004(b). (italics added.)

34. As a direct and proximate result of the Defendants' violation of Texas law and their denial of appropriate and dignified access into and use of the Site, the Defendants deprived Ms. Greer her civil liberties. Ms. Greer suffered inconvenience and the indignity and stigma of discrimination as a result.

## *REQUEST FOR RELIEF*

*Wherefore* Plaintiff respectfully request that the Court grant the following relief:

35. An order directing the Defendants to bring the Restaurant into compliance with the new construction standards of the ADAAG.

36. An order directing the Defendants to stop discriminating against Ms. Greer now and in the future.

37. An award to Plaintiffs for his attorney's fees, including litigation expenses, and costs.

38. Entry of money judgment against the Defendants, awarding Ms. Greer compensatory damages for the violation of their civil rights under Texas state law in an

amount no less than the statutory minimum of $100.00. The exact amount to be determined by the trier of fact.

39. An award to Plaintiff for all other relief legal and equitable which the Court deems just and proper.

Respectfully submitted June 11, 2008 by,

_____
Ms. Palmer D. Bailey
Attorney in Charge
Bar Card No. 01533400
Law Office of Palmer Bailey, *A Professional Corporation*
16633 Dallas Parkway, Suite 600
Addison, TX 75001
Tel. 972.588.1863
Fax. 972.588.1801
Inlight226@aol.com

**KENNETH D. CARDEN**
Bar Card No. 03787300
The Carden Law Office
1409 South Lamar # 601
Dallas, Texas 75220
Tel. 214.485.3535
Fax. 214.435.3536
carden@adalaw.com

**Attorneys for Plaintiff**

*Plaintiff demands a trial by jury.*